**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA NUNEZ o/b/o B.P., a minor, | Civil Action No.: 2:14-7357 (CCC) |
| Claimant, | |
| v. | **OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**CECCHI, District Judge.**

I.  **INTRODUCTION**

Sandra Nunez, on behalf of B.P. ("Claimant"), seeks review of a final determination by the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), which denied Claimant's application for supplemental social security income ("SSI") payments under Title XVI of the Social Security Act ("SSA"). This motion has been decided without oral argument pursuant to Federal Rule of Civil Procedure 78.[1] For the reasons set forth below, the Administrative Law Judge's ("ALJ") decision is affirmed in part and vacated in part.

II.  **FACTS AND PROCEDURAL HISTORY**

Claimant is an adolescent male born on August 2, 1999. Tr. 27. On July 27, 2011, Claimant's mother, Sandra Nunez, filed an application on his behalf for SSI benefits. Tr. 130-136. The application alleged disability from dysgraphia (a disability affecting the ability to write) and

---

[1] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

anxiety as of September 1, 2006. Tr. 78. Claimant's application was denied initially, Tr. 87-91, and upon reconsideration, Tr. 97-99. Claimant then requested a hearing for <u>de novo</u> review. Tr. 100. On November 15, 2012, a hearing was held before ALJ Joel H. Friedman. Tr. 12.

On December 27, 2012, the ALJ issued a decision denying Claimant's SSI application. Tr. 9-26. Claimant sought review by the Appeals Council, which concluded there were no grounds for review, thereby rendering the ALJ's decision the final judgment of the Commissioner. Tr. 1-3. Claimant now seeks the district court's review of the Commissioner's decision on the basis that the ALJ's findings are not supported by substantial evidence.

### III. LEGAL STANDARDS

#### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court must affirm the Commissioner's decision if substantial evidence supports the decision. 42 U.S.C. § 405(g); <u>Markle v. Barnhart</u>, 324 F.3d 182, 187 (3d Cir. 2003). Courts are not "permitted to re-weigh the evidence or impose their own factual determinations," but must give deference to the administrative findings. <u>Chandler v. Comm'r Soc. Sec.</u>, 667 F.3d 356, 359 (3d Cir. 2011); <u>see also</u> 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. <u>Gober v. Matthews</u>, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Chandler</u>, 667 F.3d at 359 (citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative

agency's finding from being supported by substantial evidence.'" Daniels v. Astrue, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. Cruz v. Comm'r of Soc. Sec., 244 Fed. App'x 475, 479 (3d Cir. 2007) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

### B.  Determining a Minor's Disability

The Social Security Administration examines three requirements in evaluating whether a minor is disabled, namely:

> (1) that the child is not working; (2) that the child had a "severe" impairment or combination of impairments; and (3) that the impairment, or combination of impairments, was of Listing-level severity, meaning the impairment(s) met, medically equaled or functionally equaled the severity of an impairment in the Listings.[2]

T.C. ex rel. Z.C. v. Comm'r of Soc. Sec., 497 F. App'x 158, 160 (3d Cir. 2012) (citing 20 C.F.R. § 416.924(a)).

With regard to the third requirement, to determine whether a child's impairment(s) are medically or functionally equal in severity to an impairment contained in the Listings, the Commissioner assesses all functional limitations caused by the child's impairment(s). See 20 C.F.R. § 416.926a(a). In assessing the child's functional limitations, the Commissioner evaluates six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi); 20 C.F.R. § 416.926a(b)(1).

---

[2] 20 C.F.R. § 404, Subpart P, Appendix 1

If the child has an "extreme" limitation in one of the six domains or a "marked" limitation in two of the six domains, the child's impairment is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a(a). A limitation is "extreme" when the impairment "very seriously" interferes with the child's ability independently to initiate, sustain, or complete activities. 20 C.F.R § 416.926a(e)(3)(i). A limitation is "marked" when the impairment "seriously" interferes with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R § 416.926a(e)(2)(i). A marked limitation is more than moderate, but less than extreme. Id.

In assessing functional equivalence, the ALJ is not required to "use particular language or adhere to a particular format." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). Rather, the ALJ must only "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Id.

## II.  DISCUSSION

Claimant argues that the ALJ's functional equivalence findings are not supported by substantial evidence. At Step One, the ALJ found that Claimant had not engaged in any substantial gainful activity. Tr. 15. At Step Two, the ALJ determined that Claimant has the severe impairments of dysgraphia, anxiety disorder, and obesity. Tr. 15. Next, at Step Three, the ALJ found that Claimant's impairment or combination of impairments do not meet or functionally equal in severity an impairment in the Listings. Tr. 15-24. The ALJ reviewed Claimant's functional limitations in the six requisite categories and found that Claimant has a "less than marked limitation" in all six categories. Tr. 18-24. Because the ALJ did not find that Claimant has a "marked limitation" in two of these six domains or an "extreme" limitation in one domain, he determined that Claimant is not disabled. On appeal, Claimant argues that the ALJ's Step Three determination was not supported by substantial evidence because it ignored certain evidence in the

record. Claimant also argues that the ALJ did not adequately combine and compare the effects of his impairments to find that they medically equaled the criteria in the Listings. See ECF No. 9 at 5-19.

### A.     Acquiring and Using Information

Claimant argues that the ALJ's determination that Claimant has a "less than marked" limitation in the domain of "acquiring and using information" is not supported by substantial evidence because the ALJ did not consider his IQ of 81 and his dysgraphia. See ECF No. 9 at 7. However, the ALJ specifically addressed both of those limitations. The ALJ's opinion considered Claimant's IQ, noting that it falls in the low-average range. Tr. 7 (citing Ex. 1F at 14). The ALJ's opinion also acknowledged Claimant's dysgraphia but determined that it did not prevent Claimant from "progressing in school at a regular pace" in regular education classes. Tr. 18. In addition, the ALJ considered an educational evaluation, which determined that Claimant's skills in reading, language, and writing were in the average range, although his math skills were in the "low" range.[5] Tr. 18 (citing Ex. 1F at 6-10). Finally, the ALJ noted that both state agency consultants who reviewed Claimant's records concluded that Claimant's limitation in this domain was "less than marked." Tr. 18.

Nevertheless, the ALJ did not address an evaluation by Claimant's teacher that determined Claimant had a "very serious problem" "understanding and participating in class discussions" and a "serious problem" "providing organized oral explanation and adequate descriptions" and "expressing ideas in written form." Tr. 167. Because the ALJ did not explain whether he considered this countervailing evidence, the ALJ's analysis does not contain "sufficient

---

[5] The Court notes that this evaluation in fact found that, although Claimant's skills in "Broad Math" were in the low range, his skills in "Mathematical Calculations" were in the low-average range. See Tr. 201.

5

explanation to provide meaningful review of the step three determination" in this domain. Jones, 364 F.3d at 505.

### B. Attending and Completing Tasks

Next, Claimant objects to the ALJ's determination that he has a "less than marked" limitation in the domain of "attending and completing tasks." Claimant argues that the ALJ's determination failed to account for his dysgraphia, "decreased visual motor skills," and "deficiency i[n] listening comprehension." See ECF No. 9 at 7. The Court agrees. It does not appear that the ALJ considered Claimant's dysgraphia or visual-motor impairment. To the extent the ALJ relied heavily on the state agency consultants' determinations that Claimant has a "less than marked" limitation in this domain, Tr. 20, those consultants also do not appear to have considered the impact of Claimant's dysgraphia or decreased visual-motor skills, see Tr. 73, 82. These limitations may effect Claimant's ability to accomplish key tasks in this area, including "finish[ing] activities" and "complet[ing] classroom and homework assignments." Tr. 19. Accordingly, the ALJ's determination in this domain precludes meaningful judicial review.

### C. Interacting and Relating With Others

Claimant does not appear to object to the ALJ's determination that Claimant has a "less than marked" limitation in this domain.

### D. Moving About and Manipulation of Objects

Claimant objects to the ALJ's determination that his limitation in this domain is "less than marked," asserting that the ALJ failed to consider his poor core strength, inability to extend opposite limbs, and dysgraphia. See ECF No. 9 at 8. However, the ALJ specifically addressed Claimant's dysgraphia and found that because Claimant's gross motor skills are "normal" and his other fine motor skills are unimpeded, a "less than marked" rating was appropriate. Tr. 22. The

ALJ noted that Claimant has no difficulty throwing a ball, using scissors, working video game controls, riding a bicycle, playing in the park, walking, and running. Id. The ALJ further noted that Claimant is able to participate in physical education class without modifications. Id.

Nevertheless, during the hearing, Claimant's mother testified that Claimant is unable to tie his shoes or button his shirts correctly. Tr. 55. In addition, Claimant's mother submitted a written evaluation in which she reported that Claimant cannot use a zipper or eat by himself using eating utensils. Tr. 150. Because the ALJ's decision in this domain does not address this significant countervailing evidence regarding Claimant's fine motor skills, it precludes meaningful judicial review.[6]

### E.  Caring For Oneself

Claimant contends the ALJ's determination that Claimant has a "less than marked" limitation in the domain of "caring for oneself" was not supported by substantial evidence. The ALJ stated that he based his determination on Claimant's evaluation by state agency consultants who determined that "[C]laimant is age appropriate with self-care skills." Tr. 23 (citing Ex. 2A, 4A). Those consultants appear to have relied exclusively on evaluations conducted by Claimant's school and occupational therapist. Tr. 73, 83. However, as stated above, Claimant's mother testified that Claimant is unable to tie his shoes or button his shirts correctly. Tr. 55. In addition, her written evaluation reported that Claimant cannot use a zipper, bathe alone, brush his teeth, comb his hair, choose his clothes, or eat by himself using eating utensils. Tr. 150. As the ALJ's opinion in this domain did not address this countervailing evidence, which goes to the core of Claimant's self-care skills, it precludes meaningful judicial review.

---

[6] To the extent the ALJ discussed Claimant's mother's testimony elsewhere in his decision, he did not analyze that testimony in the context of this specific domain or in the domain of "caring for oneself."

### F.     Health and Physical Well-being

Finally, Claimant contends that the ALJ's determination in this domain failed to account for Claimant's anxiety and obesity. In the domain of "health and physical well-being," the ALJ must consider "the cumulative physical effects of physical or mental impairments" on the claimant. 20 C.F.R. § 416.926a(l). Although the ALJ's opinion in this domain did consider Claimant's obesity and other physical capabilities, Tr. 24, there is no mention of Claimant's anxiety disorder, for which he was prescribed medication. Tr. 189. Accordingly, the ALJ's determination in this domain precludes meaningful judicial review.[7]

### G.     The ALJ's Medical-Equivalence Finding

Claimant argues the ALJ failed to consider the combined effect of his impairments in making the medical-equivalence determination. Having found the ALJ's analysis of Claimant's impairments in five of the six individual domains precludes meaningful judicial review, the Court will also remand to provide the ALJ an opportunity to determine whether Claimant's individual impairments, whether singly or in combination, meet or medically equal the severity of a Listing. See 20 C.F.R. 416.923.

## III.    CONCLUSION

For the foregoing reasons, the ALJ's decision that Claimant was not disabled is affirmed in part and vacated in part. Specifically, the Court finds that the ALJ's determination that Claimant suffers from "less than marked" impairments in the domains of "acquiring and using information," "attending and completing tasks," "moving about and manipulating objects," "caring for oneself," and "health and physical well-being" precludes meaningful judicial review. The ALJ's decision

---

[7] To the extent the ALJ referenced Claimant's anxiety elsewhere in the decision, he did not analyze it in the context of this domain.

8

in the domain of "interacting with and relating with others" is affirmed. An appropriate order accompanies this Opinion.

DATED: August 18, 2016

                                             **CLAIRE C. CECCHI, U.S.D.J.**